**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SAUL DIAZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**_____ |
| | ) | |
| **v.** | ) | **Hon. Judge:**_____ |
| | ) | |
| **ELGIN SCHOOL DISTRICT #U-46** | ) | |
| | ) | <u>**Jury Trial Demanded**</u> |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, Saul Diaz (hereinafter "Diaz" or "Plaintiff"), by and through his undersigned counsel of record, and upon knowledge and belief as to all allegations of which he so possesses knowledge and upon information and belief as to all other allegations, complains of Defendant Elgin School District #U-46 (hereinafter "Elgin" or "Defendant"), and in doing so, states as follows:

## <u>INTRODUCTION</u>

1. This case is about Defendant's shocking and egregious harassment, discrimination, and hostile work environment encompassing deeply offensive behavior and conduct against public policy perpetrated against a hard working Hispanic male. In this eleven (11) count complaint, Plaintiff seeks redress for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* (hereinafter "Title VII"), the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C. §12101, *et. seq.* ("ADA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.* Plaintiff further seeks redress for Defendant's shocking and egregious violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and 5 U.S.C. §

1

6381 *et seq.*, including, but not limited to: Defendant harassing, suspending, and terminating Plaintiff based on his need to take medically necessary FMLA leave.

2.     This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* (hereinafter "Title VII"), the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and 5 U.S.C. § 6381 *et seq.*, the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C. §12101, *et. seq.* ("ADA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*

3.     Plaintiff Diaz was an outstanding employee that had worked for Defendant for nearly ten (10) years prior to his sudden, unexpected, and unlawful termination.

4.     Plaintiff Diaz was an excellent employee of Defendant that made substantial contributions to Defendant's operations, and during all relevant times performed his job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

5.     Plaintiff Diaz was subjected to continuous, egregious, and shocking discrimination on the basis of his race (Hispanic), color (Dark), national origin (Mexican), and disability (Diabetes).

6.     Plaintiff was terminated in retaliation for his need to take medically necessary leave. There was no legitimate non-discriminatory/non-retaliatory basis for his termination.

7.     Plaintiff has instituted this action to seek redress for damages based on the unlawful employment practices committed by Defendant. Plaintiff suffered severe damages as a direct and proximate result of the discrimination against him on the basis of his race, color, national origin, and disability, and due to Defendant's retaliation for Plaintiff requesting FMLA leave and for Plaintiff complaining of/reporting illegal discrimination.

8.     Plaintiff has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of the Defendant's illegal conduct as alleged herein.

## PARTIES

**a.     Plaintiff**

9.     Plaintiff, Saul Diaz, is an individual resident of Kane County, Illinois, who currently resides at 355 E. Chicago Street, Illinois 60123.

**b.     Defendant**

10.     Defendant is a municipal agency in the State of Illinois.   As used in this Complaint, "Defendant" and/or "Elgin" means Defendant, all subsidiaries, agents, successors, parent corporations, etc.

11.     Plaintiff was an employee of Defendant from September 17, 1998, through July 21, 2008.

12.     Plaintiff was terminated from his employment with Defendant on July 21, 2008.

13.     At the time of his termination, Plaintiff was employed by Defendant as a Night Leadman.

## JURISDICTION AND VENUE

14.     The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202.  This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 *et seq.*, as amended by the "Civil Rights Act of 1991," the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a); the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et.seq.* and 5

U.S.C. § 6381 *et.seq.*; and the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq.*

15.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendant employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## PROCEDURAL HISTORY

16.     Plaintiff filed two "Charges of Discrimination" with the Equal Employment Opportunity Commission on January 23, 2008 and April 2, 2008, alleging violations of Title VII and the ADA.  *See CODs attached hereto as Exhibit "A"*

17.     The commission issued two "Notice of Right to Sue (Issued on Request)" letters on December 18, 2008.  *See Notice of Right to Sue letters attached hereto as Exhibit "B"*

18.     Plaintiff has timely filed this lawsuit within ninety (90) days from the date of receipt of the December 18, 2008, Notice of Right to Sue letters.

## COMMON ALLEGATIONS

19.     During all relevant times herein, Defendant was and is an employer as defined by Title VII, the ADA, and the FMLA.

20.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by Title VII, the ADA, and the FMLA.  Plaintiff was employed in the position of Night Leadman.

21.     Plaintiff is a member of a racial minority.  Plaintiff is Hispanic (Mexican).

22.     Plaintiff has dark-colored hair, eyes, and skin.

23.     Plaintiff was a qualified individual with a disability, within the meaning of the ADA. Plaintiff suffered from the serious medical condition of diabetes.

24.     Defendant regarded Plaintiff as impaired and considered him disabled.

25.     Plaintiff's disability substantially limited one or more life functions that are central to the life process itself, including, but not limited to, the following: caring for one's self, performing manual tasks, walking, speaking, breathing, cognitive function, and working.

26.     Defendant was fully aware of Plaintiff's disability at all relevant times.

27.     Plaintiff was a dedicated, hardworking, and loyal employee that contributed to Defendant in a substantial and meaningful manner.

28.     Plaintiff was a qualified, competent, and dedicated employee that was subjected to a hostile work environment on the basis of his race, national origin, color, and disability.

29.     Plaintiff performed all of his job duties in a manner that met the Defendant's legitimate expectations.

30.     Defendant intended to discriminate against Plaintiff on the basis of his race, national origin, color, and disability, and the discrimination concerned the terms, responsibilities, and conditions of Plaintiff's employment with Defendant.  Defendant's discrimination and hostile work environment was so egregious, severe, and/or pervasive that it interfered with Plaintiff's ability to adequately perform his job responsibilities.

31.     The discrimination against Plaintiff because of his race, national origin, color, and disability, and retaliation against Plaintiff for both his internal complaints/reports of discrimination and his formal complaints/reports to the Equal Employment Opportunity Commission and Illinois Department of Human Rights included, but were not limited to, the following:

a.   Plaintiff was disciplined for allegedly not performing his job duties, despite completing all tasks assigned to him, but similarly situated non-Hispanic/non-Mexican/light-colored/non-disabled employees frequently failed to complete all job tasks assigned to them, and were not disciplined at all;

b.   On April 1, 2008, Defendant employee and Plaintiff's direct supervisor Cathy McNamara told Plaintiff that she did not care about his January 23, 2008 complaint to the Illinois Department of Human Rights, and that it would only require her to pay a small fine.  Ms. McNamara then suspended Plaintiff's employment for alleged performance failures, while similarly situated non-Hispanic/non-Mexican/light-colored/non-disabled employees were not disciplined at all for actual performance failures;

c.   Plaintiff was disciplined more frequently than similarly situated non-Hispanic/non-Mexican/light-colored/non-disabled employees;

d.   Plaintiff was disciplined more harshly than similarly situated non-Hispanic/non-Mexican/light-colored/non-disabled employees;

e.   Defendant otherwise treated Plaintiff in a less favorable manner than similarly situated non-Hispanic/non-Mexican/light-colored/non-disabled employees in the terms, conditions, and responsibilities of his employment.

32.   On or about April 21, 2008, Plaintiff informed Defendant that he was having complications with his medical condition of diabetes, and would need to take medical leave from April 28, 2008 to May 22, 2008 to correct the issue.

6

33.     Plaintiff requested all necessary paperwork and completed all requirements for taking FMLA leave.

34.     Plaintiff took medical leave from April 28, 2008 to on or about May 22, 2008.

35.     Defendant retaliated against Plaintiff for applying for and taking FMLA time off in order to resolve a serious medical condition.  The retaliation included, but was not limited to, the following:

a.      In approximately May, 2008, while Plaintiff was still on approved FMLA leave, Defendant employee Cathy McNamara called Plaintiff to her office and told him he would be suspended upon returning from medical leave;

b.      On or about June 23, 2008, three weeks after Plaintiff returned from his May 2008 suspension, Plaintiff was indefinitely suspended by Defendant, due to his argument with a co-worker.  However, the co-worker, a similarly situated employee that had not taken any medical leave, was not disciplined.

c.      On or about July 21, 2008, Plaintiff's employment was terminated by Defendant.

36.     At all relevant times herein, Plaintiff was performing all of his job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory/non-retaliatory reason for the discriminatory and retaliatory treatment alleged herein.

37.     Defendant engaged in conduct intended to harass, humiliate, and degrade Plaintiff with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

7

38.     Plaintiff complained about the race-based, national origin-based, color-based, and disability-based discrimination, harassment, and retaliation, as well as the retaliation for taking medically necessary FMLA leave, and Defendant was fully aware of the nature and scope of the discrimination, harassment, and retaliation.   However, Defendant took no action to stop, remediate, investigate, or otherwise address the discrimination, harassment and retaliation.

39.     Defendant's unlawful and discriminatory actions were intentional, malicious, and knowing.   The discriminatory conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendant with the intent to violate applicable state and federal laws.

40.     The discrimination, harassment and retaliation, alleged herein, was so severe and/or pervasive that it both subjectively and objectively created a hostile, threatening and unsafe work environment that interfered with Plaintiff's ability to adequately perform his job responsibilities.

41.     Plaintiff suffered severe damages as a direct and proximate result of Defendant's illegal conduct, as alleged herein.

42.     All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable state and/or federal law.

## COUNT I

### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *et seq*.)

43.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

44.     All conditions precedent to Count I have been satisfied.

45.     Plaintiff was an employee of the Defendant.

46.     Plaintiff is a member of a racial minority.  Plaintiff is Hispanic, of Mexican National Origin and has dark-colored hair, eyes and skin.

47.     Plaintiff always performed his duties to the legitimate expectations of his employer.

48.     Plaintiff has suffered adverse job actions at the hands of Defendant.

49.     Defendant treated similarly situated employees of different races more favorably than the Plaintiff was treated, as alleged herein.  Defendant intended to, knowingly engaged in, condoned and/or ratified severe race, national origin, and color discrimination and harassment, as alleged herein.

50.     The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his Hispanic race and/or Mexican National Origin and/or dark color, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

51.     At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against and harassing Plaintiff based on his Hispanic race and/or Mexican National Origin, and/or dark color.  Defendant had a duty under Title VII to prevent the discrimination and harassment.

9

52.    Plaintiff reported the race, national origin and color discrimination, unequal treatment, harassment, and hostile work environment to management and supervisory employees of Defendant.

53.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on race, national origin and color, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment.

54.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect the Plaintiff from those hostile and abusive conditions.

55.    The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

56.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

57.    The actions of Defendant in intentionally engaging in and condoning race, national origin, and color discrimination and harassment against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damage.

58.    There is a causal connection between the Plaintiff's race, national origin, and/or color and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant.

10

<u>COUNT II</u>

**(HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *et seq*.)**

59.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

60.    Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race, national origin, and color in violation of Title VII.

61.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a racially hostile work environment for Plaintiff because of his race, national origin, and color, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq*.

62.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a racially hostile work environment for Plaintiff based on his race, color, and national origin.  Defendant had a duty under Title VII to prevent the ongoing racially hostile work environment.

63.    Plaintiff reported the race, national origin, and color discrimination, unequal treatment, harassment, and hostile work environment to management and supervisory employees of Defendant.

64.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on race, national origin, and color, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate,

11

remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

65.    Almost daily, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

66.    The hostile work environment to which the Plaintiff was subjected was so severe and pervasive that it unreasonably interfered with his work performance.

67.    The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of, and with reckless indifference to, the federal laws, state laws, and the rights and sensibilities of Plaintiff.

68.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew, or should have known, that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

69.    The actions of Defendant in intentionally engaging in and condoning the racially hostile work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

70.    There is a causal connection between the Plaintiff's race, national origin, and/or color and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, Elgin.

## COUNT III

### (RETALIATION FOR EXERCISE OF RIGHTS UNDER TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)

71.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

72.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

73.     Plaintiff complained of ongoing and repeated race, national origin, and color discrimination perpetrated against him, a racially hostile work environment, and unequal and adverse treatment of employees based on race (Hispanic), national origin (Mexican) and color (dark).

74.     On April 1, 2008, in retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully suspended and further harassed Plaintiff.

75.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's suspension by Defendant.

76.     At all relevant times herein, Plaintiff was performing all of his job duties in a manner that met or exceeded Defendant's legitimate business expectations.

77.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of, and with reckless indifference to, the federal laws, state laws, and the rights and sensibilities of Plaintiff.

78.     Defendant, by and through its agents, suspended and further harassed Plaintiff when it knew, or should have known, that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

79.     The actions of Defendant in suspending and harassing Plaintiff caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT IV

### (DISCRIMINATION ON THE BASIS OF COLOR IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981)

80.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

81.     Defendant has discriminated against the Plaintiff with regards to a hostile work environment, discrimination, harassment, retaliation, other adverse, unequal and unfavorable terms and conditions of employment because of his color in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

82.     Defendant's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of the Plaintiff.

83.     By reason of Defendant's discriminating, harassing and retaliatory employment practices based upon color, Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, damages and other employment benefits, and as such, is entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

## COUNT V

### (RETALIATION FOR EXERCISE OF RIGHTS IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981)

84.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

85.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under the Civil Rights Act of 1866, as alleged herein.

86.     Plaintiff complained of ongoing and repeated color discrimination perpetrated against him, a racially hostile work environment, and unequal and adverse treatment of employees based on his color (dark).

87.     On April 1, 2008, in retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully suspended and further harassed Plaintiff.

88.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's suspension by Defendant.

89.     At all relevant times herein, Plaintiff was performing all of his job duties in a manner that met or exceeded Defendant's legitimate business expectations.

90.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of, and with reckless indifference to, the federal laws, state laws, and the rights and sensibilities of Plaintiff.

91.     Defendant, by and through its agents, suspended and further harassed Plaintiff when it knew, or should have known, that the same were in violation of the Civil Rights Act of 1866 and any alleged reasons to the contrary are pretextual.

92.     The actions of Defendant in suspending and harassing Plaintiff caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT VI

## (DISCRIMINATION IN VIOLATION OF THE ADA 42 U.S.C.A. § 12101, *et. seq)*

93.     Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

94.     All conditions precedent to Count VIII have been satisfied.

95.     Plaintiff is a qualified individual with a disability.

96.     The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of his disability.

97.     Plaintiff is disabled in that he suffers from the following serious medical condition: diabetes.

98.     Plaintiff has a record of his above-described disability.

99.     Defendant was aware of Plaintiff's disability.

100.    Defendant perceived Plaintiff as disabled.

101.    At all relevant times herein, Plaintiff could perform all of the essential functions of his job and job responsibilities/duties.

102.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of his job responsibilities/duties.

16

103.    On April 1, 2008, Defendant suspended Plaintiff, in whole or in part, because of his disability.

104.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of his disability.

105.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

106.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

107.    Defendant engaged in the herein-alleged willful and malicious violations of the law knowingly, and intending to violate federal law.

108.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, lost wages, lost benefits and severe emotional distress.

<u>**COUNT VII**</u>

**(HOSTILE WORK ENVIRONMENT IN VIOLATION
OF THE ADA, 42 U.S.C.A. § 12101, *et. seq*)**

109.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

110.    All conditions precedent to Count VII have been satisfied.

111.    Plaintiff is a qualified individual with a disability.

112.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability.

17

113.    Plaintiff is disabled in that he suffers from the following serious medical condition: Diabetes.

114.    Plaintiff has a record of his above-described disability.

115.    Defendant was aware of Plaintiff's disability.

116.    Defendant perceived Plaintiff as disabled.

117.    At all relevant times herein, Plaintiff could perform all of the essential functions of his job and job responsibilities/duties.

118.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of his job responsibilities/duties.

119.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of his disability.

120.    From the date that Defendant first became aware of Plaintiff's disability, it began to harass and humiliate Plaintiff.

121.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

122.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

123.    Defendant engaged in the herein-alleged willful and malicious violations of the law knowingly and intending to violate federal law.

124.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

18

## COUNT VIII

### (RETALIATION IN VIOLATION OF THE ADA
42 U.S.C.A. § 12101, *et. seq*)

125.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

126.    All conditions precedent to Count IX have been satisfied.

127.    Plaintiff is a qualified individual with a disability.

128.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability.

129.    Plaintiff is disabled in that he suffers from the following serious medical condition: Diabetes.

130.    Plaintiff was diagnosed as having diabetes while he was employed by Defendant.

131.    Plaintiff has a record of his above-described disability.

132.    Defendant was aware of Plaintiff's disability.

133.    Defendant perceived Plaintiff as disabled.

134.    At all relevant times herein, Plaintiff could perform all of the essential functions of his job and job responsibilities/duties.

135.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of his job responsibilities/duties.

136.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of his disability.

137.    On April 1, 2008, Defendant suspended Plaintiff's employment, in whole or in part, in retaliation for his complaints/reports of disability discrimination and harassment.

19

138.    There was no legitimate non-discriminatory/non-retaliatory reason for any of the alleged discriminatory acts and/or retaliatory suspension of Plaintiff.

139.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of his job functions in an outstanding manner.

140.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

141.    Defendant engaged in the herein-alleged willful and malicious violations of the law knowingly, and intending to violate federal law.

142.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, lost wages, lost benefits and severe emotional distress.

## COUNT IX

**(VIOLATIONS of the FAMILY MEDICAL LEAVE ACT OF 1993**
**29 U.S.C. § 2601 et. Seq. and 5 U.S.C. § 6381 et. seq.**
**RETALIATION AND UNLAWFUL TERMINATION)**

143.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

144.    Plaintiff suffered from a serious medical condition that required time off of work to recover.

145.    Plaintiff was an eligible employee under the FMLA, insomuch as he had been employed for at least 12 months and had worked at least 1,250 hours for Defendant within the 12-month period immediately preceding his request for FMLA leave and retaliatory termination by Defendant.  See 29 U.S.C. §2611 (2).

20

146.    Defendant is a covered employer under the FMLA, insomuch as it is a governmental entity and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.  See 29 U.S.C. § 2611(4).

147.    Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because he was a qualifying employee, as alleged above, and he had not taken any other FMLA leave.  See 29 U.S.C. § 2612 (a)(1).

148.    Plaintiff properly notified Defendant of his need to take FMLA leave, as he formally requested leave and from the Human Resources Department as soon as it was practicable, and otherwise fulfilled all of his obligations for taking medical leave.

149.    Plaintiff fully informed Defendant of the nature and scope of his serious medical condition and he went through all of the proper avenues to get approval for his requested leave to have surgery.

150.    Defendant used, as a negative factor, in terminating Plaintiff's employment, the time Plaintiff was to take off for FMLA.

151.    Plaintiff was terminated from over ten (10) years of employment because he availed himself of the guarantees and rights of the FMLA.

152.    Defendant's proffered reason for terminating Plaintiff was pretextual.

153.    There exists a causal link between Plaintiff availing himself of FMLA rights and his termination.

154.    Said discrimination and unlawful termination is in direct violation of FMLA.  29 U.S.C. Section 2615(a)(2).

155.     Defendant violated the FMLA by retaliating against Plaintiff by unlawfully suspending Plaintiff twice in May and June of 2008, the May suspension coming while Plaintiff was still on FMLA leave, and then terminating Plaintiff's employment on July 21, 2008.

156.     There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's suspension of Plaintiff in May or June of 2008 and Defendant's termination of Plaintiff on July 21, 2008, or for the other retaliatory and illegal conduct described herein.

157.     Defendant suspended and terminated Plaintiff in retaliation for Plaintiff taking FMLA leave.

158.     Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

159.     As a result of the Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption to his personal life, financial injury, lost benefits, lost wages and lost enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.      Damages sufficient to compensate Plaintiff for his injuries;

ii.      Reinstatement or Front Pay;

iii.      Back Pay, inclusive of lost wages and any benefits;

iv.      Pre-judgment and post-judgment interest;

v.      Reasonable attorney's fees;

vi.      Costs of this action;

vii.      Emotional Distress Damages;

viii.      Punitive damages; and

22

ix.     Any and all other relief that this Honorable Court may deem just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.


Dated: <u>March 17, 2009</u>                          Respectfully submitted,

                                        /s/Robert M. Foote
                                        Robert M. Foote, Esq. (#03124325)
                                        Stephen W. Fung, Esq. (#06289522)
                                        FOOTE, MEYERS, MIELKE & FLOWERS, LLC
                                        28 N. First St.
                                        Suite 2
                                        Geneva, Illinois 60134
                                        Telephone: (630) 232-6333
                                        Kathleen C. Chavez (#06255735)
                                        CHAVEZ LAW FIRM, P.C.
                                        28 N. First St.
                                        Suite 2
                                        Geneva, Illinois 60134

                                        Peter L. Currie, Esq. (#06281711)
                                        THE LAW FIRM OF PETER L. CURRIE, P.C.
                                        536 Wing Lane
                                        Saint Charles, Illinois 60174
                                        Telephone: (630) 862-1130

                                        ***Attorneys for Plaintiff***